**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CARLTON EUGENE HOOKER, JR.,**

    **Plaintiff,**

v.                                                        **Case No.  8:14-cv-344-T-30EAJ**

**ERIC K. SHINSEKI, Secretary Department**
**of Veterans Affairs,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon the Motion to Dismiss filed by Defendant Eric K. Shinseki, Secretary, Department of Veterans Affairs (Dkt. 9).  The Court, having considered the motion, and being otherwise advised in the premises, grants the motion and dismisses this action with prejudice under the doctrine of *res judicata*.  Because it is undisputed that Plaintiff's action was previously disposed of in the case of *Carlton Eugene Hooker, Jr. v. Robert C. Shogren, Lionel Barela, and United States of America*, No. 8:13-cv-1655-T-35TBM (Dkt. 34) (M.D. Fla. Jan. 2, 2014) (Scriven, J.) (the "Previous Lawsuit"), any response from Plaintiff would be futile.

## DISCUSSION

*Pro se* Plaintiff Carlton Eugene Hooker, Jr. sues Defendant Eric K. Shinseki, in his capacity as the Secretary of the Department of Veterans Affairs, for violations of Florida law, specifically, Florida Statute § 817.5681.  Hooker alleges that, through the actions of Robert

C. Shogren and Lionel Barela, the Chief and Assistant Chief of the Bay Pines VA Police Department, respectively, Hooker's right to privacy was violated when a purported breach of his confidential information from the State of Florida Driver and Vehicle Identification Database was not reported.

Hooker's allegations are nearly identical to those in the Previous Lawsuit wherein he sued Shogren and Barela for, among other things, violation of the same Florida Statute. In the Previous Lawsuit, Judge Scriven granted Defendant United States' motion to dismiss (after substitution of the United States as the proper party defendant) on the following grounds: Hooker's claims against the United States were subject to dismissal based on sovereign immunity; even if the claims were not barred by sovereign immunity, Hooker failed to satisfy the Federal Tort Claims Act's administrative prerequisites; and Hooker could not establish a legal claim against the United States for a violation of section 817.5681 because the Department of Legal Affairs is the only designated entity that may institute proceedings to assess and collect fines under section 817.5681.

"The doctrine of claim preclusion (or *res judicata*) bars the parties to an action from relitigating matters that were or could have been litigated in an earlier suit." *Shurick v. Boeing Co.*, 623 F.3d 1114, 1117 (11th Cir. 2010). The doctrine facilitates "the conclusive resolution of disputes" by reducing "the expense and vexation attending multiple lawsuits, conserv[ing] judicial resources, and foster[ing] reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. U.S.,* 440 U.S. 147, 153-54 (1979). "In accordance with those values, the doctrine bars a claim whenever (1) a court of competent

jurisdiction has (2) rendered a final judgment on the merits in another case involving (3) the same parties and (4) the same cause of action." *Shurick*, 623 F.3d at 1117.

The Previous Lawsuit considered Hooker's claims in the instant case that were against the same parties as those in this case, and disposed of the claims, on the merits and with prejudice. Accordingly, the doctrine of *res judicata* bars this action.

Even assuming that *res judicata* did not strictly apply, Hooker's claims are subject to dismissal with prejudice for the same reasons that Judge Scriven articulated in the Previous Lawsuit.

It is therefore **ORDERED AND ADJUDGED** that:

1. The Motion to Dismiss filed by Defendant Eric K. Shinseki, Secretary, Department of Veterans Affairs (Dkt. 9) is granted for the reasons discussed herein.

2. This action is dismissed with prejudice.

3. The Clerk of Court is directed to close this case and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida on February 20, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2014\14-cv-344.grantm2dismiss-issue-preclusion.frm